UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GORDON, Receiver
of Legisi Marketing Inc., et al.,

        Plaintiff,                          Case No. 13-12675
                                                     HON. GEORGE CARAM STEEH
vs.

JOSE P. VILLAFUERTE,

        Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR SUMMARY JUDGMENT (DOC. #8)

Before the court is the motion of Robert Gordon, receiver for the estates of Legisi Marketing, Inc., et al., for summary judgment on his claims against defendant Jose Villafuerte. No written response has been filed by Defendant; however, oral argument was heard by the court on June 12, 2014 with Defendant participating by telephone. The motion is granted as set forth below because the court finds no genuine issue of material fact concerning Gordon's entitlement to judgment.

Gordon is the receiver for the estates of Gregory McKnight and two Legisi entities in an enforcement action brought by the Securities and Exchange Commission, <u>SEC v. McKnight, et al.</u>, No. 08-11887. In that action, McKnight was determined to have formed the Legisi entities to support a Ponzi scheme through which dozens of investors lost millions of dollars.

-1-

This is one of a number of cases related to the McKnight case in which Gordon seeks to recover funds of the McKnight and Legisi estates from individual Legisi investors who received distributions or transfers from Legisi in amounts exceeding their actual investments. As it relates to Mr. Villafuerte, Gordon alleges that during the years 2006 and 2007, Mr. Villafuerte deposited a total of $15,100 with the Legisi entities and received distributions from Legisi in the amount of $23,232, resulting in a net gain of $8,132 for Mr. Villafuerte. Gordon seeks the return of the that money for redistribution to Legisi "victims" under theories of fraudulent transfer and unjust enrichment. Gordon argues this is appropriate given that the Legisi Ponzi scheme could have had no legitimate profits to pay to any of its investors including Mr. Villafuerte.

Gordon brings the first count of his complaint under the "constructive fraud" provision of the Michigan Uniform Fraudulent Transfer Act (UFTA), § 35(1) . That provision states:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value at that time or the debtor became insolvent as a result of the transfer or obligation.

Mich. Comp. Laws Ann. § 566.35(1). Gordon claims that he is entitled to judgment under this provision because the Legisi Ponzi scheme was insolvent "as a matter of law" from the beginning. Gordon cites Warfield v. Byron, 436 F.3d 551, 558 (5th Cir. 2006), to support this proposition. Gordon further contends that Mr. Villafuerte did not provide "reasonably equivalent value" for the amount of his withdrawals in excess of his deposits.

Gordon similarly asserts that he is entitled to judgment under § 34(1) of Michigan's UFTA, the "actual fraud" provision, which states:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer or incurred the obligation . . . . [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor.

Mich. Comp. Laws § 566.34(1). Gordon cites Conroy v. Shott, 363 F.2d 90 (6th Cir. 1966), among other case law, to support the proposition that transfers made by Ponzi schemes are considered inherently effected with "actual intent to hinder, delay or defraud" creditors. Id. at 92.

Mr. Villafuerte has expressed agreement with Plaintiff's Exhibit A showing that he withdrew more than he deposited into the Legisi entities. However, in telephonic argument, Mr. Villafuerte insisted that he reinvested all the money he withdrew through his niece, Karen Sicat. He explained that he chose to reinvest through Ms. Sicat in order to receive a referral fee that he would not otherwise receive by investing under his own name. Nevertheless, he claimed that because the reinvested money was his, he did not net a profit from the Ponzi scheme.

However, Mr. Villafuerte presented no evidence of any transfer of money to Ms. Sicat nor did he offer any proof of reinvestment in the Legisi entities under her name. He also did not offer any evidence that any money he might have given Ms. Sicat was in fact an investment through Ms. Sicat and not simply a gift to her. As the court noted on the record, it appears that Mr. Villafuerte's only recourse is through any claim he may have against Ms. Sicat or through Ms. Sicat's recovery of her pro rata share as a victim of the Ponzi scheme.

The court finds that plaintiff is entitled to summary judgment on Counts I and II.[1] This court has found on more than one occasion that Legisi was a Ponzi scheme. See, e.g., SEC v. Gagnon, No. 10-CV-11891, Doc. # 66; Gordon v. Mazu Publishing, No. 09-13953. Accordingly, the transfers were made by an insolvent entity, meaning they were made with the requisite intent under the "actual fraud" provision of the UFTA. See Conroy, 363 F.2d at 92 (holding that "the question of intent to defraud is not debatable" as it relates to inherently insolvent entities); see also In re AFI Holding, Inc., 525 F.3d 700, 704 (9th Cir. 2008) (citing Hayes v. Palm Seedlings Partners-A (In re Agric. Research and Tech. Group, Inc.), 916 F.2d 528, 535 (9th Cir. 1990) ("'the mere existence of a Ponzi scheme' is sufficient to establish actual intent under § 548(a)(1) or a state's equivalent to that section")). Moreover, Mr. Villafuerte gave no reasonably equivalent value for his gains, which would be necessary to establish a successful defense to either claim. See Mich. Comp. Laws § 566.38(1) ("A transfer or obligation is not voidable under section 4(1)(a) against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or oblige"); see also Mich. Comp. Laws § 566.35(1), (requiring that the debtor make a transfer or incur an obligation "without receiving a reasonably equivalent value in exchange for the transfer or obligation"). Mr. Villafuerte did deposit money into the Legisi entities, but the value of that money was not reasonably equivalent to the profits he withdrew because Legisi was insolvent from inception and could not have yielded any profits.

---

[1] The court will not address the claim of unjust enrichment given its determination on the first two counts.

-4-

Because the court finds that Mr. Villafuerte did not give reasonably equivalent value for the "profits" he received through investments in the Legisi entities, Gordon's motion for summary judgment is hereby GRANTED. Judgment will enter against Mr. Villafuerte in the amount of $8,132.

**IT IS SO ORDERED**.

Dated: June 18, 2014

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 18, 2014, by electronic and/or ordinary mail and also on Jose P Villafuerte, 677 G Street Space 31, Chula Vista, CA 91910.

s/Barbara Radke
Deputy Clerk